UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| SOSINA ASFAW, et al.,<br>    Plaintiffs,<br>v.<br>WAL-MART STORES, INC., et al.<br>    Defendants. | Case No. 2:19-cv-01292-GMN-NJK<br><br>**ORDER**<br><br>[Docket No. 49] |

Pending before the Court is Plaintiffs' motion for sanctions for spoliation of evidence. Docket No. 49. The Court has considered Plaintiffs' motion and Defendant Wal-Mart Stores, Inc.'s ("Defendant") response. Docket Nos. 49, 50. Plaintiffs did not file a reply, and the time to do so has now passed. *See* Docket. The motion is properly resolved without a hearing. *See* LR 78-1. For the reasons discussed more fully below, the Court **DENIES** the motion.

## I. BACKGROUND

The instant case arises out of a slip and fall incident that allegedly occurred inside one of Defendant's stores in Las Vegas, Nevada on April 3, 2017. Docket No. 1-2 at 4–5. Plaintiffs allege that, as Plaintiff Sosina Asfaw entered the self-checkout area, she slipped and fell on a grape. *Id.* at 5. Plaintiffs further allege that, as a result of the slip and fall, Plaintiff Asfaw sustained injuries to her lower back, requiring surgery and ongoing treatment. *Id.* at 6–7.

On March 27, 2019, Plaintiffs filed a complaint in state court against Defendant alleging negligence. *See id.* at 1. On July 26, 2019, Defendant removed the action to this Court. *See* Docket No. 1. Discovery closed on September 28, 2020. *See* Docket No. 44. On April 22, 2021, Plaintiffs filed the instant motion, asking the Court to impose sanctions on Defendant for spoliation of evidence. Docket No. 49.

## II. LEGAL STANDARD

Spoliation of evidence is "the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation." *United States v. Kitsap Physicians Serv.*, 314 F.3d 995, 1001 (9th Cir. 2002). A party spoliates evidence as a matter of law only if the party destroyed the evidence after having some notice that the evidence was potentially relevant to anticipated litigation. *Id.* Therefore, a party's duty to preserve evidence begins when the party reasonably should have known that the evidence is relevant to anticipated litigation. *See In re Napster, Inc. Copyright Litig.*, 462 F. Supp. 2d 1060, 1067 (N.D. Cal. 2006).

The party requesting spoliation sanctions bears the burden of establishing the elements of a spoliation claim. *Harfouche v. Stars On Tour, Inc.*, 2016 WL 54203, at *3 (D. Nev. Jan. 5, 2016) (citing *Reinsdorf v. Skechers U.S.A., Inc.*, 296 F.R.D. 604, 626 (C.D. Cal. 2013)). The threshold inquiry is whether evidence was altered or destroyed. *Lemus v. Olaveson*, 2015 WL 995378, at *9 (D. Nev. Mar. 5, 2015). If a party alters or destroys evidence, the party requesting spoliation sanctions must further demonstrate that: (1) the party having control over the evidence had an obligation to preserve it at the time it was destroyed; (2) the evidence was destroyed with a culpable state of mind; and (3) the evidence was relevant to the party's claim or defense such that a reasonable trier of fact could find that it would support that claim or defense. *Reinsdorf*, 296 F.R.D. at 626; *see also In re Napster*, 462 F. Supp. 2d at 1078.

## III. ANALYSIS

Plaintiffs submit that sanctions for spoliation of evidence are appropriate in this case because Defendant "failed to preserve surveillance footage related to the subject slip and fall." Docket No. 49 at 2. Citing notes written by Defendant's employee and deposition testimony from Defendant's Fed. R. Civ. P. 30(b)(6) witness, Plaintiffs submit that video surveillance from five cameras existed and that Defendant failed to preserve, without explanation, video surveillance from three of those cameras. *Id.* at 2, 3–4, 5; *see also* Docket Nos. 49-4, 49-5 at 48–49.

Plaintiffs submit that Defendant was placed on notice of the possibility of litigation "and the importance of any surveillance footage related to the fall" after Plaintiff Asfaw reported the

2

incident on the day she slipped and fell.  Docket No. 49 at 5.  Plaintiffs further submit that they provided Defendant with additional notice of the possibility of litigation by sending Defendant a letter two days after the incident, "requesting that it preserve any relevant evidence, including 'video surveillance recordings depicting the guest injury incident for a period of time one hour prior to and one hour subsequent to the incident.'" *Id.*; *see also* Docket No. 49-3.  Plaintiffs also submit that, even if the video surveillance Defendant failed to preserve did not contain footage of the fall itself, "the footage would likely have shown evidence related to the condition of the store at the time of the fall, including other fallen produce in the area, and could have shed light on Plaintiff's condition just before and/or after the fall."  Docket No. 49 at 8.

Plaintiffs ask the Court to strike Defendant's answer because, they submit, Defendant willfully destroyed video surveillance from three cameras.  *Id.* at 6–8.  Alternatively, Plaintiffs seek "an adverse inference and other evidentiary sanctions to prevent [Defendant] from benefitting through its willful spoliation."  *Id.* at 9.

In response, Defendant submits that the employee notes Plaintiffs cite establish that only two cameras captured relevant evidence.  Docket No. 50 at 3-6; *see also* Docket No. 49-4.  Specifically, Defendant submits that it preserved and produced the video surveillance from two cameras depicting Plaintiff Asfaw's slip and fall and that the video surveillance it did not preserve does "not show Plaintiff's fall or anything else relevant to the incident."  Docket No. 50 at 8–9.  Defendant further submits that "Plaintiffs cannot prove the missing footage they seek would support any missing part of their case in any way."  *Id.* at 9.  Defendant submits that Plaintiffs fail to establish that it destroyed any evidence with a culpable state of mind.  *Id.* at 12–13.  Finally, Defendant submits that it fully complied both with Plaintiffs' preservation of evidence letter and with its own policy for preserving evidence.  *Id.* at 9–11.

The Court finds that Plaintiffs' motion fails to establish that Defendant spoliated evidence when it did not preserve video surveillance from all five cameras referenced in the employee's notes.  Plaintiffs fail to demonstrate how the video surveillance Defendant failed to preserve is relevant to their claims.  *See Lemus*, 2015 WL 995378, at *8 ("The party seeking sanctions based on spoliation of evidence must establish that . . . the evidence was relevant to the party's claim").

Rather, Plaintiffs concede that the relevance of the video surveillance Defendant failed to preserve is unknown and broadly submit that Defendant spoliated "relevant" evidence, without explaining how the evidence is relevant to their claims. *See* Docket No. 49 at 2, 5, 8; *see also Reinsdorf*, 296 F.R.D. at 631 ("The deletion of irrelevant evidence does not support a spoliation claim"). Parties, not the Court, bear the burden of representing their interests. *See Momox-Caselis v. Donohue*, 987 F.3d 835, 842 (9th Cir. 2021) ("[A] cursory mention of an issue . . . without citation to legal authority is insufficient . . . as are matters not specifically and distinctly raised and argued in the opening brief"); *see also Indep. Towers of Washington v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) (quoting *Greenwood v. Fed. Aviation Admin.*, 28 F.3d 971, 977 (9th Cir. 1994)) ("Our circuit has repeatedly admonished that we cannot 'manufacture arguments for an appellant' and therefore will not consider any claims that were not actually argued in appellant's opening brief").

Further, Plaintiffs merely speculate that the video surveillance Defendant failed to preserve "would *likely* have shown evidence related to the condition of the store at the time of the fall . . . and *could* have shed light on Plaintiff's condition just before and/or after the fall." Docket No. 49 at 8 (emphasis added). "A party moving for spoliation sanctions is not entitled to have the Court agree with broad inferences of spoliation based on nothing more than speculation." *U.S. E.E.O.C. v. Wedco, Inc.*, 2014 WL 4635678, at *4 (D. Nev. Sept. 15, 2014); *see also Nida v. Allcom*, 2020 WL 2405251, at *8 (C.D. Cal. Mar. 11, 2020) ("Plaintiff's insistence that the boxes 'could have included' a laundry list of corporate records . . . underscores the lack of specific evidence on what relevant documents, if any, were in the boxes").

**IV.   CONCLUSION**

Accordingly, Plaintiffs' motion for sanctions for spoliation of evidence, Docket No. 49, is hereby **DENIED**.

IT IS SO ORDERED.

Dated: May 19, 2021

_____
Nancy J. Koppe
United States Magistrate Judge

4